**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Enrique Talamantes** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **CIVIL NO.:  1:18-cv-904** |
| | § | |
| | § | |
| **The Becton Dickinson and** | § | |
| **Company Group Life and Health Plan,** | § | |
| **Standard Insurance Company, and** | § | |
| **The Metropolitan Life Insurance** | § | |
| **Company** | § | |
| | § | |
| *Defendant* | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Enrique Talamantes, Plaintiff herein, complaining of the Becton, Dickinson and Company Group Life and Health Plan, Standard Insurance Company, and The Metropolitan Life Insurance Company, Defendants, and for cause of action would show:

1.     Plaintiff resided within the Western District of Texas at the time the conduct described in this Complaint occurred.

2.     Defendant, the Becton, Dickinson and Company Group Life and Health Plan ("the Plan"), is an employee welfare benefits plan, which provides benefits, including

1

Short Term Disability ("STD") benefits and Long Term Disability ("LTD") benefits, to employees of Becton, Dickinson and Company. It may be served with citation herein by serving its agent for service of process, Becton, Dickinson and Company, Attn.: Administrative Committee—Group Life and Health Plan, 1 Becton Drive, MC066, Franklin Lakes, NJ  07417-1880.

2.      Defendant, Standard Insurance Company ("Standard"), is an insurance corporation duly and legally formed under the laws of the state of Oregon, which is authorized to conduct and does business in the State of Texas, and may be served with citation herein by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3.      Defendant, Metropolitan Life Insurance Company, (hereinafter referred to as "MetLife") is an insurance corporation duly and legally formed under the laws of New York, which does business in the State of Texas, and may be served with citation herein by serving its registered agent, CT Corporation, 1999 Bryan Street, Suite 900, Dallas, TX  75201.

4.      This court has original jurisdiction of this case under 29 U.S.C. § 1132(e).  Plaintiff brings suit under the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically including 29 U.S.C. § 1132 (a)(1)(B).  Plaintiff is a participant in or beneficiary of the Plan, which provides benefits under insurance policies issued by Standard and MetLife.  Plaintiff seeks

2

to recover benefits due under the Plan, to enforce his rights under the terms of the Plan, and to clarify his rights to future benefits under the terms of the Plan.

5.     Plaintiff further brings suit under 29 U.S.C. § 1133.  After properly appealing the denial of benefits under the Plan, the Plan failed to provide Plaintiff a full and fair appeal.

6.     Plaintiff has worked for Becton, Dickinson and Company, and/or its subsidiary, CareFusion Corporation, since 2013.   Since that time, Plaintiff has been a participant in the Plan which, *inter alia*, provided both STD and LTD benefits to Plaintiff.  In November, 2016, Plaintiff became disabled and filed a claim for STD benefits, which was approved.  Plaintiff returned to work on December 23, 2016 and continued to work until January, 12, 2017, when he could no longer continue to do so.  Plaintiff requested that his STD benefits under the Plan be continued.

7.     Plaintiff's continued claim for STD benefits was initially denied by the STD administrator, Sedgwick Claims Management Services ("Sedgwick").  Plaintiff timely appealed the denial of STD benefits, and Plaintiff's appeal was granted on November 13, 2017.  The STD component of the Plan paid STD benefits through June 7, 2017, the maximum STD benefit period.

8.     Upon the exhaustion of STD benefits, Plaintiff's claim for LTD benefits was forwarded to Standard, which insured claims for LTD benefits under the Plan for disabilities which began on, or before, December 31, 2016.  This insurance was

provided under a policy of insurance, identified as Group Policy number 649321-C, issued to CareFusion Corporation.

9.    Plaintiff's LTD claim, identified as claim number 00FL1258 was denied by Standard.  Standard asserted that its coverage for LTD benefits under the Plan ended December 31, 2016, and that it was not responsible for Plaintiff's LTD benefits under the Plan.

10.   Plaintiff timely appealed the denial of LTD benefits, but Standard denied Plaintiff's appeal on August 7, 2018.

11.   On June 19, 2018, Plaintiff, through counsel, gave notice to MetLife of Plaintiff's LTD claim.  MetLife insured LTD benefits under the Plan from January 1, 2017 forward.  MetLife advised that notice of claim would only be accepted when referred by the STD administrator.

12.   On June 19, 2018, Plaintiff made a written request to Sedgwick that it refer Plaintiff's LTD claim to MetLife.  Sedgwick stated it would do so, but to date, MetLife has not responded to Plaintiff's claim.

13.   On July 9, 2018, Plaintiff gave separate, written notice of his claim for LTD benefits to MetLife.  MetLife received this notice on July 9, 2018.  Nevertheless, MetLife did not respond to Plaintiff.

14.   On August 13, 2018, Plaintiff gave his third notice of claim for LTD benefits to MetLife.  A true and correct copy of Plaintiff's third notice is attached to this

Complaint as exhibit "A".  To date, MetLife has not responded.

15.   MetLife has failed to adhere to federal regulations in its handling of Plaintiff's LTD claim and failed to provide to Plaintiff a reasonable claims procedure that would yield a decision on the merits of Plaintiff's claim.  MetLife did not notify Plaintiff of its adverse determination as required by 29 CFR 2560.503-1(f)(3).   Plaintiff is therefore deemed to have exhausted the administrative remedies available under the Plan, as per 29 CFR 2560.503-1(l).

16.   Plaintiff has exhausted the required administrative remedies available to him under the Plan.  All conditions precedent to this cause of action have been met or have occurred.

17.   Plaintiff is entitled to recover under the civil enforcement provisions of ERISA and seeks the benefits he has been denied, clarification of his right to receive future benefits under the Plan, attorney's fees and expenses incurred herein and other appropriate equitable relief.

WHEREFORE, Plaintiff prays that Defendants be cited to appear herein and answer and that on final hearing, he have judgment against Defendants for his damages, pre-judgment and post-judgment legal interest, costs of suit, reasonable attorney's fees and expenses incurred, and that Plaintiff have a clarification of his right to receive future benefits, to which he may show himself justly entitled under the attending facts and circumstances.

Respectfully submitted,


By:     /s/ *Lonnie Roach*
        LONNIE ROACH
        Texas State Bar No. 16967600


        BEMIS, ROACH & REED
        4100 Duval Rd.,
        Bldg. 1, Ste. 200
        Austin, Texas  78759
        (512) 454-4000
        (512) 453-6335 (facsimile)
        lonnie@brrlaw.com